UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| AARA, INC. d/b/a A & L MARKET,<br><br>      Plaintiff,<br><br>v.<br><br>MICHIGAN LABORERS' VACATION FUND,<br><br>      Defendant. | Case No._____<br>U.S. District Judge _____<br><br>Removed from<br>  State of Michigan<br>  36th District Court<br>  Hon. David S. Robinson, Jr.<br>  Case No. 19169688 |

**REMOVAL AND NOTICE OF REMOVAL**

To:    State of Michigan             AARA, Inc. d/b/a A&L Market
        36th District Court           c/o Dalen Patrick Hanna
                                          Hanna LLP
                                        33717 Woodward Avenue, Suite 560
                                        Birmingham, MI 48009-0913

Defendant Michigan Laborers' Vacation Fund (Fund), removes this case from the State of Michigan 36th District Court pursuant to 28 U.S.C. §§1331 and 1441 and the Employee Retirement Income and Security Act (ERISA), 29 U.S.C. § 1132, because Congress has enacted the foregoing legislative scheme which occupies the entire field of the subject matter in Plaintiff's Complaint. (Ex. 1). Jeffrey McCarver ("McCarver") is the payee referenced in Plaintiff's Complaint and is a "participant" of the Fund's "employer benefit plan," as defined by 29

1

U.S.C. § 1002. McCarver allegedly assigned his benefit to Plaintiff, which Plaintiff now claims from the Fund. Here, the "complete preemption doctrine" permits recharacterization of Plaintiff AARA, Inc.'s claim as a federal claim so that removal is proper, even though the Complaint does not mention a federal basis of jurisdiction.

1. Plaintiff filed its lawsuit against the Fund, Case No. 19169688, in the State of Michigan 36th District Court. The Fund received Plaintiff's Michigan complaint by certified mail on October 3, 2019.

2. The Fund is a jointly administered, multiemployer benefit fund under Sections 502 and 515 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§1132 and 1145, and Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. §185(a).

3. The Fund's Trust was established for the purpose of distributing vacation benefits to each employee-participant entitled to same pursuant to the provisions of an applicable collective bargaining agreement, and the provisions of its Trust Agreement and "welfare plan" as defined by 29 U.S.C. § 1002(1).

4. The Fund, prior to Plaintiff's claim, properly distributed McCarver's benefit by check to McCarver, who cashed it. McCarver then, according to Plaintiff's Complaint, purported to assign this same check from the Fund to Plaintiff which, the Plaintiff, as assignee, now claims as due and owing from the

Fund. If Plaintiff prevails it would ultimately be unjustly paid from the benefit accounts of other innocent plan participants, since the Fund has already paid the benefit due McCarver.

5. Federal Court has original jurisdiction based on 28 U.S.C. § 1331, and exclusive jurisdiction based on 29 U.S.C. § 1332 for causes of action involving claims for benefits. In a suit concerning allocation of ERISA plan benefits, ERISA provides an "exclusive federal cause of action," *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), and a complaint regarding the allocation of plan benefits "is necessarily federal in character." *Id*. at 63-64.

6. Moreover, Plaintiff's complaint is a federal one insofar as it involves: the interpretation of federal law, the Fund's Trust and plan; the entitlement to the payment of a plan benefit; the fraudulent conveyance and/or assignment of plan assets improperly obtained by McCarver to Plaintiff under state and Federal common law; the violation of plan terms requiring resolution under 29 U.S.C. § 1132(a)(3); and injunctive, declaratory, and/or other appropriate relief under 29 U.S.C. § 1132(a)(3).

7. Plaintiff's claims arise in Detroit, Michigan, within the Eastern District of Michigan. Venue is proper in this Court pursuant to 28 U.S.C. §§ 102(a)(2) and 1441(a).

8. Removal is timely, based on 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

9. The Fund will provide this removal and notice of removal to Plaintiff and to Michigan's 36th District Court.

*s/ Lauren E. Crummel*
*C*hristopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Nicholas R. Nahat (P49802)
Legghio & Israel, P.C.
306 South Washington Ave., Suite 600
Royal Oak, MI  48067
(248) 398-5900
cpl@legghioisrael.com
nahat@legghioisrael.com
crummel@legghioisrael.com

November 1, 2019                    Attorneys for Defendant Michigan Laborers Vacation Fund

4

## CERTIFICATE OF SERVICE

I certify that on November 1, 2019, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system and mailed a copy of such documents to:

Dalen Patrick Hanna
Hanna LLP
33717 Woodward Avenue, Suite 560
Birmingham, MI  48009-0913

I also certify that on November 1, 2019, I caused a copy of the foregoing paper to be overnight mailed to the 36th District Court.

/s/ *Lauren E. Crummel*
Lauren E. Crummel

# EXHIBIT 1

20193171 ☐ COURT COPY ☒ HANNA LAW COPY

**STATE OF MICHIGAN**
36TH **JUDICIAL DISTRICT**
**JUDICIAL CIRCUIT**
**COUNTY PROBATE**

**SUMMONS**

CASE NO. 19169088
JDG: D. ROBINSON

**Court address**
421 Madison Street, Detroit, Michigan 48226

**Court telephone no.**
(313) 965-8700

Plaintiff's name(s), address(es), and telephone no(s).
AARA, Inc. D/B/A A & L Market

c/o Undersigned Counsel

v

Defendant's name(s), address(es), and telephone no(s).
Michigan Laborers Vacation Fund
6525 Centurion Drive
Lansing, Michigan 48917

Plaintiff's attorney, bar no., address, and telephone no.
Hanna, LLP | Hanna Law, PLLC
Dalen Patrick Hanna (P81533)
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
(248) 209-6486

20193171

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

ISSUED 08/15/19 EXPIRE 11/14/19

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | T. Jackson-Davis |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (6/19) **SUMMONS** MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE 36TH DISTRICT COURT IN THE COUNTY OF WAYNE

AARA, INC.
Doing business as: D/B/A A & L MARKET

      Plaintiff,

Case No:
Hon.

-vs-

MICHIGAN LABORERS VACATION FUND,

      Defendant.

---

HANNA, LLP | HANNA LAW, PLLC
Dalen P. Hanna (P81533)
Attorney for Plaintiff
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
dh@hannallp.com
(248) 209-6486

---

*Pursuant to MCR 2.113(C)(2)(a) there is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

## COMPLAINT

NOW COMES Plaintiff, AARA, Inc. D/B/A A & L Market ("Plaintiff"), by and through its attorneys, Hanna Law, PLLC, and for its Complaint against Defendant Michigan Laborers Vacation Fund ("Defendant"), states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an entity doing business in the State of Michigan, organized and existing under the laws of the State of Michigan and having its principal place of business in Detroit, Michigan 48204.

2. Defendant is a corporation whose address of record is 6525 Centurion Drive, Lansing, Michigan 48917.

1

3. This is an action for damages that are within the jurisdictional limit of this Honorable Court, exclusive of costs.

4. Venue for this action is proper in this Honorable Court because the underlying actions which have given rise to this instant matter took place, or originated within, this Honorable Court's jurisdiction.

## COUNT I
## "FAILURE OF MAKER TO PAY AMOUNT OF DISHONORED CHECK"

5. Plaintiff restates and incorporates the proceeding paragraphs of this complaint, by reference, as though fully stated herein.

6. The Defendant issued and/or endorsed check(s) to the Payee(s) identified on the face of the check(s). **(See Attached Exhibit "A")**

7. The Payee subsequently delivered and cashed the check(s), through the normal course of business, with Plaintiff's Business, AARA, Inc. D/B/A A & L Market.

8. Plaintiff is in the check-cashing business and regularly accepts check(s) from various payee-customers, in exchange for cash, provided to the Payee, in the amount of the check(s) less a nominal service fee.

9. The Plaintiff accepted the check(s) from the Payee and diligently inspected that the face of the check(s) contained no apparent evidence of forgery or alteration and that the check(s) was not otherwise so irregular or incomplete as to call into question its authenticity.

10. Furthermore, Plaintiff accepted the check(s) from the Payee without notice that the check was overdue, or has been dishonored, or that there any default with respect to payment of another check issued as part of the same series had occurred, without notice that the instrument contains an unauthorized signature or one which had been altered, without notice of any claim to the instrument, and without notice that any party had a defense or claim in recoupment

11. Relying on same, the Plaintiff paid out good-value (in cash) to Payee, an amount totaling the face value of the check(s) less the nominal and customary service fee of approximately 1% of the check amount.

12. Generally, a person who accepts a negotiable instrument takes the instrument subject to the property or possessory rights of another, unless the person is a holder in due course. *Mich. Comp. Laws § 440.3306.* Under Michigan law, someone is a "holder in due course" if:

2

(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity.

(b) The holder took the instrument (I) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an incurred default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 3306, and (vi) without notice that any party has a defense or claim in recoupment described in section 3305(1).

13. Therefore, as a matter of law per ***MCL § 440.3306***, Plaintiff is a **HOLDER IN THE DUE COURSE** and is entitled to enforce all remedies available thereto; accordingly, the Payee is an uninterested party to this instant matter.

14. The check(s) was/were then negotiated by Plaintiff, via deposit into Plaintiff's business bank account and was/were subsequently returned for **DUPLICATE CHECK**, and as a result thereof, Plaintiff has been damaged in the amount of $1,746.00 USD. **(See Attached Exhibit "A")**

15. A check returned for **DUPLICATE CHECK** is prima facie fraud and/or gives rise to this instant cause of action in the State of Michigan.

16. Per ***MCL § 600.2952(2)***, Plaintiff, and/or its undersigned Counsel, delivered to Defendant, via first-class mail, a demand for payment which included the exact language required by ***MCL § 600.2952(2)***. **(See Attached Exhibit "B")**

17. Additionally, and in effort to avoid the necessity and expense of litigation, Plaintiff has made numerous attempts to settle this matter with Defendant, but Defendant has refused to seriously consider a settlement of this Agreement; including offers from Plaintiff to settle for a lessor amount.

18. Furthermore, and as another one of its many efforts to avoid the necessity and expense of litigation, Plaintiff has made numerous attempts to bind Defendant to a reasonable repayment plan, but Defendant has refused to seriously consider committing to a repayment plan.

<u>**COUNT II**</u>
<u>**"CONVERSION CIVIL DAMAGES & COSTS PURSUANT TO MCL § 600.2952"**</u>

3

19. Plaintiff restates and incorporates the proceeding paragraphs of this complaint, by reference, as though fully stated herein.

20. As discussed hereinprior, and per *MCL § 600.2952(2)*, Plaintiff delivered to Defendant, via first-class mail, a demand for payment which included the exact language required by *MCL § 600.2952(2)*. **(See Attached Exhibit "B")**

21. More than thirty (30) days have passed since the delivery of the notice. Defendant has refused to remit payment in the amount of **$1,746.00** USD (plus statutory returned-check fees) in connection with the dishonored check(s), and as a result thereof has converted said **$1,746.00** USD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters judgment in favor of Plaintiff, against Defendant on **Count I** of this Complaint, for compensatory damages pursuant to *MCL § 600.2952(3)(a)* in the amount of **$1,746.00**; and for statutory punitive damages on **Count II** of this Complaint pursuant to *MCL § 600.2952(4)(b)* in the amount of **$3,492.00**, plus costs in the amount of **$250.00** pursuant to *MCL § 600.2952(3)(c)* for a **TOTAL SUM CERTAIN OF $5,488.00.**

Respectfully submitted,

HANNA, LLP | HANNA LAW, PLLC
Dalen P. Hanna (P81533)
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
dh@hannallp.com
(248) 209-6486 Office
(202) 478-5005 Fax

**Dated: August 6, 2019**

HANNA, LLP | Hanna Law, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNALLP.COM

# PLAINTIFF'S EXHIBIT

# "A"

# PHOTOCOPY OF RETURNED CHECK(S)

**DUPLICATE**

*072414310*
05/30/2019
886683168

$ a LEGAL COPY of your
k You can use it the
way you would use the
ial check

RETURN REASON-Y
IPLICATE PRESENTMENT

JPMorgan Chase Bank, N.A.
Detroit, MI

MICHIGAN LABORERS VACATION FUND
6525 CENTURION DRIVE
LANSING, MI 48917-9275

**DO NOT REDEPOSIT**

0640145

640145

VOID AFTER
90 DAYS DATE 05-21-19

PAY $*1746 00

001114190

TO THE ORDER OF
JEFFREY MCCARVER
445 FIELD
APT 401
DETROIT     MI 48214

PAY: ONE THOUSAND SEVEN HUNDRED FORTY-SIX AND 00/100THS

"0640145"  "072000326":  89790"

"0640145"  "072000326":     89790"  "000017460"

ENDORSE HERE
386 80 6017
For Deposit Only
AARA Inc
Check Cashing
2019-05-28
0886683168
15:31

072000096 05/28/2019
156500100110174
072000096 05/28/2019
950646462
074909962 05/29/2019
36902286911
111900057 05/29/2019
999990800558 RR-Y
061000146 05/30/2019
798785890 RR-Y

Do not endorse or write below this line

# PLAINTIFF'S EXHIBIT

# "B"

# DEMAND FOR PAYMENT PER MCL § 600.2952(2)



20193171

June 24, 2019

Emily Andrews
Michigan Laborers Vacation Fund
6525 Centurion Drive
Lansing, Michigan 48917

## NOTICE OF DISHONORED CHECK & DEMAND FOR IMMEDIATE PAYMENT

Dear Emily Andrews:

Pursuant to Michigan law, this letter is to inform you that a check, draft, or order for payment of money drawn by you for **$1,746.00** was returned to our client (AARA, Inc. D/B/A A & L Market) as dishonored for **DUPLICATE CHECK**. This notice is a formal demand for payment of the full amount of the dishonored check, draft, or order, plus a processing fee of $25.00 for a total amount of **$1,771.00**. If you pay this total amount within seven (7) days, excluding weekends and holidays, after the date this notice was mailed, no further civil action will be taken against you.

If you do not pay the **$1,746.00** as requested above, but within thirty (30) days after the date this notice was mailed, you pay the amount of the dishonored check, draft, or order plus a $35.00 processing fee, for a total amount of **$1,781.00**, no further civil action will be taken against you.

If you fail to pay either amount indicated above, we will be authorized by Michigan law to bring a civil action against you to determine your legal responsibility for payment of the check, draft, or order and civil damages and costs allowed by law. If we sue you in a civil action and prevail, you will be required to pay the full amount of the check, draft, or order, civil damages of two (2) times the amount of the check, draft, or order or $100.00, whichever is greater, and costs not to exceed $250.00.

If you are unable to make payment in full, or wish to apply for a payment plan, please call our office immediately at **248-209-6486** to request such an arrangement. We also accept online credit card payments. Thank you for your time and attention. We look forward to your anticipated cooperation in this matter.

| PAYEE/CREDITOR | AARA, Inc. D/B/A A & L Market |
|---|---|
| CHECK NUMBER(S) | 0640145 |
| CHECK DATE | 5/21/2019 |
| CHECK AMOUNT | $1,746.00 |
| CHECK DEFAULT | DUPLICATE CHECK |

Respectfully,

Dalen Hanna, Esq.
Attorney at Law

PLEASE MAKE PAYMENT WITHIN 10 DAYS TO AVOID A LAWSUIT. MAKE CHECKS PAYABLE TO HANNA LAW. PLEASE INCLUDE YOUR MATTER NUMBER WITH YOUR PAYMENT & ALL COMMUNICATIONS; YOUR MATTER NUMBER IS LOCATED ON THE TOP RIGHT CORNER OF THIS PAGE. YOU ARE HEREBY NOTIFIED THAT WE MAY REPORT INFORMATION ABOUT YOUR MATTER TO ANY OR ALL OF THE CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR MATTER MAY BE REFLECTED ON YOUR CREDIT REPORT. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU ARE NOW COMMUNICATING WITH A DEBT COLLECTOR. UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR SOME PORTION OF IT, OUR OFFICE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY OUR OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL A COPY OF SAME TO YOU.

CONFIDENTIAL | HANNALLP.COM

HANNA, LLP | HANNA LAW, PLLC
DALEN PATRICK HANNA, ESQ.

33717 WOODWARD AVENUE, NO. 560 | BIRMINGHAM | MICHIGAN 48009
CONTACT@HANNALLP.COM | PHONE 248.209.6486 | FAX 202.478.5005