UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AARA, INC. d/b/a A & L MARKET,

       Plaintiff/Counter-Defendant,    Case No. 2:19-cv-13221 GAD EAS

v.                                  U.S. District Judge Gershwin A. Drain

MICHIGAN LABORERS' VACATION FUND,

       Defendant/Counter-Plaintiff and
       Third-Party Plaintiff,

v.

JEFFREY McCARVER,

       Third-Party Defendant.

---

| | |
|---|---|
| Dalen Patrick Hanna (P81553) | Christopher P. Legghio (P27378) |
| Hanna LLP | Lauren E. Crummel (P73333) |
| 33717 Woodward Avenue, Suite 560 | Nicholas R. Nahat (P49802) |
| Birmingham, MI 48009-0913 | Legghio & Israel, P.C. |
| 248.209.6466 | 306 South Washington Avenue, Suite 600 |
| dh@hannallp.com | Royal Oak, MI 48067-3837 |
| | 248.398.5900 |
| Attorney for Plaintiff/Counter-Defendant | cpl@legghioisrael.com |
| | crummel@legghioisrael.com |
| | nahat@legghioisrael.com |
| | |
| | Attorneys for Defendant/Counter-Plaintiff |
| | and Third-Party Plaintiff |

---

**MICHIGAN LABORERS' VACATION FUND'S
THIRD PARTY COMPLAINT AGAINST JEFFREY MCCARVER**

1

## INTRODUCTION

This is a lawsuit concerning benefits claimed by multiple parties under an ERISA welfare plan.

## PARTIES

1.     The Plaintiff of this Third-Party Complaint, Michigan Laborers' Vacation Fund, are Trustees of a Taft-Hartley, multiemployer welfare trust regulated by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, as amended (ERISA) (collectively the Plaintiff is the "Fund").    Its office is in Lansing, Michigan.

2.     A twenty (20) member Board of Trustees (BOT) and alternate trustees administers the Fund.

3.     Jeffrey McCarver ("McCarver") is a "beneficiary" (as defined by ERISA §3(8), 29 U.S.C. §1002(8), and Fund participant residing in the Eastern District of Michigan.  He is the Third-Party Defendant of the Fund's Third-Party Complaint.

4.     AARA, Inc. ("AARA") has its principal place of business in Detroit, Michigan 48204.  It is the Counter-Defendant of the Fund's Counter Complaint.

## JURISDICTION AND VENUE

5.     Federal Court has original jurisdiction based on 28 U.S.C. §1331, and exclusive jurisdiction based on 29 U.S.C. § 1332(e)(1) for causes of action brought

2

under 29 U.S.C. §1132(a)(3).  Federal Court has supplemental jurisdiction over all other claims in this litigation based on 28 U.S.C. §1367.

6.      Venue for this complaint for Federal Court is proper under 28 U.S.C. §1391 and 29 U.S.C. §1132(e)(2).

## BACKGROUND FACTS AND LAW

7.      The Fund is an ERISA "employee welfare benefit plan" trust, 29 U.S.C. §1002(1). The Fund provides vacation benefits to its participants.

8.      The twenty (20) Fund Trustees and alternate Trustees are appointed, in equal numbers, by unions and employers that sponsor the Fund.  The Trustees are ERISA "named fiduciaries."  ERISA §403, 29 U.S.C. §1103.

9.      Employers contribute to the Fund on behalf of employees, as required by applicable collective bargaining agreements (CBAs), at the rates set forth in such CBAs.

10.      McCarver was an employee covered by a CBA at all material times and is a Fund beneficiary and participant.

11.      McCarver received his most recent vacation benefit of $1,746.00 on or about May 21, 2019 by check from the Fund.  According to AARA's Complaint, attached as Exhibit 1, after McCarver cashed his check from the Fund, he assigned the check to AARA, who paid McCarver an additional $1,746.00.  When AARA

attempted to cash the check, it was returned as a duplicate check. AARA subsequently delivered a complaint for payment to the Fund.

12.     The Michigan Laborers' Vacation Fund's Plan (Plan) and its Trust documents govern the payment of Fund benefits.

13.     McCarver's right to receive and/or retain any Fund benefits is at all times subject to the Plan's terms and the Fund's Trust documents.

14.     The Fund's Board of Trustees has a fiduciary duty to administer the Plan consistent with the terms of the Plan documents. ERISA §402(a)(1), 29 U.S.C. §1104(a).

15.     Under the terms of the Plan, a participant's benefit is limited to monies allocated to a Fund bookkeeping account established by the Fund for the participant.

16.     McCarver's entitlement to Fund benefits is conditioned on and limited to the amount under the Plan, as computed by the Fund.

## COUNT I
## VIOLATION OF THE TERMS OF THE PLAN—29 U.S.C. §1132(a)(3)(B)

17.     Fund re-alleges prior paragraphs by reference.

18.     ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), provides civil enforcement of plan provisions.

19.     The Trust prohibits a participant from voluntarily or involuntarily assigning any Plan benefit. The Fund's exclusive purpose is to distribute vacation

pay in accordance with the Plan and the Fund's Trust. Payments received from employers are credited to individual employees on whose behalf they are made.

20.     The Plan and Trust limit the Fund benefit assigned to McCarver by the amount credited to him based on contributions made on his behalf by contributing employers. McCarver cannot assign his benefit to AARA, and the purported assignment of his benefit to AARA is therefore invalid under the Plan and Trust's terms and purpose.

21.     In addition, AARA's claims violate the Plan and Trust because 1) the claims are based on a an impermissible assignment of a Plan benefit; 2) because the claims violate the Fund's exclusive purpose and the Plan terms; and 3) because the claims, if granted, would violate the Plan and Trust on account of a reduction of credited amounts to innocent individual employee participant beneficiaries in violation of the Trust's purpose.

WHEREFORE, the Fund asks this Court to:

a.     Order McCarver to restore the benefits he received beyond his credited contributions through his improper assignment;

b.     Order McCarver to pay the Fund's costs and attorney fees incurred in this litigation; and

c.     Provide the Fund with such other additional relief as the Court may find just.

## COUNT II
## UNJUST ENRICHMENT

22.     The Fund re-alleges prior paragraphs by reference.

23.      McCarver received a benefit that he is not eligible to receive from the Fund, by assigning a Fund benefit to which he was not entitled, to AARA.

24.     McCarver's retention of the overpayment by AARA has resulted or will result in an inequity to the Fund's beneficiaries.  AARA's claims against the Fund, if successful, will result in an improper depletion of welfare funds.   AARA's continued retention of the overpayment and/or granting AARA's claims is inequitable as the loss of funds affects other Fund participants.

25.     McCarver improperly enjoys the advantages of the overpayment at the expense of the Fund's other participants, and if AARA's claims are granted, it will enjoy the advantage of the overpayment at the expense of the other participants.  As such, McCarver possesses and AARA claims an unjust enrichment that improperly depletes welfare funds.

26.     Equity and good conscience require McCarver to return the benefits to AARA, and for AARA's claims to be dismissed.

27.     The Fund is entitled to equitable relief under ERISA §502(a)(3), 29 USC §1132(a)(3), to prevent McCarver's unjust enrichment.

WHEREFORE, the Fund asks this Court to:

6

a.    Find McCarver was unjustly enriched and inadvertently paid over and above the benefits assigned to him under the Plan and ERISA;

b.    Order restitution of the overpayment, plus interest, from McCarver;

c.    Order McCarver to pay the Fund's costs and attorney fees incurred in this litigation; and

d.    Provide the Fund with such other additional relief as the Court may find just.

## COUNT III
## INJUNCTIVE RELIEF

28.    The Fund re-alleges prior paragraphs by reference.

29.    McCarver and AARA have claimed or are claiming the same benefits from the Fund.

30.    These claims for these benefits continues today and has damaged, and is currently damaging, or will damage the Fund and its participants.

31.    McCarver and AARA are or will improperly enjoy the advantage of the improper assignment by McCarver the expense of the Fund's other participants, who are or will unjustly bear an additional charge.

WHEREFORE, the Fund asks this Court to:

a.    Order restitution of the overpayment, plus interest and costs from McCarver;

7

b.   Order McCarver to pay the Fund's costs and attorney fees incurred in this litigation;

c.   Provide the Fund with such other additional relief as the Court may find just.

## COUNT IV
## CLAIM FOR OTHER APPROPRIATE RELIEF UNDER
## ERISA 29 U.S.C. §1132(a)(3)

32.   The Fund re-alleges prior paragraphs by reference.

33.   McCarver and AARA have claimed or are claiming duplicate benefits from the Fund.

34.   These claims for duplicate benefits continues today and has damaged, is currently damaging, and/or will damage, the Fund and its participants.

35.   McCarver and AARA are or will improperly enjoy the advantage of McCarver's improper assignment at the expense of the Fund other participants, who will bear an additional expense, unjustly.

WHEREFORE, the Fund asks this Court to:

a.   Order restitution of the overpayment, plus interest, and costs from McCarver and;

b.   Order McCarver to pay Fund's costs and attorney fees incurred in this litigation; and

8

c.   Provide the Fund with such other additional relief as the Court may find just.

## COUNT VI
## FRAUDULENT MISREPRESENTATION/CONVERSION

36.   McCarver made material and false misrepresentations with respect to (a) his entitlement to benefits under the Plan; (b) for the purpose of converting Plan assets; (c) with his knowledge that the representations were false.

37.   McCarver's conduct incorporated statements he knew to be false; statements which were proffered to the Fund and/or to AARA with the intent that the Fund and/or AARA rely on them; statements on which the Fund and/or AARA did rely.

38.   McCarver's misrepresentations were for the purpose of personal gain and in violation of state and/or federal common law.

WHEREFORE, the Fund asks this Court to:

a.   Order McCarver to make the Fund whole for damages it has suffered due to his fraudulent misrepresentation;

b.   Order McCarver to pay the Fund's costs and attorney fees incurred in this litigation; and

c.   Provide the Fund with such other additional relief as the Court may find just.

9

## COUNT VII AGAINST McCARVER
## THEFT BY FALSE PRETENSES

39.     The Fund re-alleges prior paragraphs by reference.

40.     McCarver secured plan assets by inducing a fraud and/or a false pretense of entitlement to Plan assets.

41.     McCarver illegally used a check issued by the Fund upon which AARA relied to gain access to property.

42.     McCarver's action was a theft by false pretenses under state and/or federal common law.

WHEREFORE, the Fund asks this Court to:

a.      Order McCarver to make the Fund whole for damages it has suffered due to his theft by false pretenses;

b.      Order McCarver pay the Fund's costs and attorney fees incurred in this litigation; and

c.      Provide the Fund with such other additional relief as the Court may find just.

/s/ Lauren E. Crummel
Christopher P. Legghio (P27378)
Lauren E. Crummel (P73333)
Nicholas R. Nahat (P49802)
Legghio & Israel, P.C.
306 South Washington Avenue, Suite 600
Royal Oak, Michigan 48067-3837
248.398.5900
cpl@legghioisrael.com
crummel@legghioisrael.com
nahat@legghioisrael.com

Attorneys for Defendant/Counter-Plaintiff
and Third-Party Plaintiff

November 8, 2019

## CERTIFICATE OF SERVICE

I certify that on November 8, 2019, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system and mailed a copy of such documents to:

Dalen Patrick Hanna
Hanna LLP
33717 Woodward Avenue, Suite 560
Birmingham, MI  48009-0913

/s/ Lauren E. Crummel
Lauren E. Crummel

11

# EXHIBIT 1

20193171

☐ **COURT COPY**    ☒ HANNA LAW COPY

| STATE OF MICHIGAN | | | CASE NO. 19169088 |
|---|---|---|---|
| 36TH | JUDICIAL DISTRICT | **SUMMONS** | JDG: D. ROBINSON |
| | JUDICIAL CIRCUIT | | |
| | COUNTY PROBATE | | |

**Court address**
421 Madison Street, Detroit, Michigan 48226

**Court telephone no.**
(313) 965-8700

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| AARA, Inc. D/B/A A & L Market<br><br>c/o Undersigned Counsel | v | Michigan Laborers Vacation Fund<br>6525 Centurion Drive<br>Lansing, Michigan 48917 |

Plaintiff's attorney, bar no., address, and telephone no.
Hanna, LLP | Hanna Law, PLLC
Dalen Patrick Hanna (P81533)
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
(248) 209-6486

20193171

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

ISSUED 08/15/19 EXPIRE 11/14/19

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| | | T. Jackson-Davis |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (6/19)  **SUMMONS**

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE 36TH DISTRICT COURT IN THE COUNTY OF WAYNE**

AARA, INC.
Doing business as: D/B/A A & L MARKET

                Case No:
    Plaintiff,           Hon.

-vs-

MICHIGAN LABORERS VACATION FUND,

    Defendant.

---

HANNA, LLP | HANNA LAW, PLLC
Dalen P. Hanna (P81533)
Attorney for Plaintiff
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
dh@hannallp.com
(248) 209-6486

---

<em>Pursuant to MCR 2.113(C)(2)(a) there is no other pending or resolved civil<br>action arising out of the transaction or occurrence alleged in the complaint.</em>

**COMPLAINT**

  NOW COMES Plaintiff, AARA, Inc. D/B/A A & L Market ("Plaintiff"), by and through its attorneys, Hanna Law, PLLC, and for its Complaint against Defendant Michigan Laborers Vacation Fund ("Defendant"), states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff is an entity doing business in the State of Michigan, organized and existing under the laws of the State of Michigan and having its principal place of business in Detroit, Michigan 48204.

2. Defendant is a corporation whose address of record is 6525 Centurion Drive, Lansing, Michigan 48917.

1

3.   This is an action for damages that are within the jurisdictional limit of this Honorable Court, exclusive of costs.

4.   Venue for this action is proper in this Honorable Court because the underlying actions which have given rise to this instant matter took place, or originated within, this Honorable Court's jurisdiction.

## COUNT I
## "FAILURE OF MAKER TO PAY AMOUNT OF DISHONORED CHECK"

5.   Plaintiff restates and incorporates the proceeding paragraphs of this complaint, by reference, as though fully stated herein.

6.   The Defendant issued and/or endorsed check(s) to the Payee(s) identified on the face of the check(s). **(See Attached Exhibit "A")**

7.   The Payee subsequently delivered and cashed the check(s), through the normal course of business, with Plaintiff's Business, AARA, Inc. D/B/A A & L Market.

8.   Plaintiff is in the check-cashing business and regularly accepts check(s) from various payee-customers, in exchange for cash, provided to the Payee, in the amount of the check(s) less a nominal service fee.

9.   The Plaintiff accepted the check(s) from the Payee and diligently inspected that the face of the check(s) contained no apparent evidence of forgery or alteration and that the check(s) was not otherwise so irregular or incomplete as to call into question its authenticity.

10.  Furthermore, Plaintiff accepted the check(s) from the Payee without notice that the check was overdue, or has been dishonored, or that there any default with respect to payment of another check issued as part of the same series had occurred, without notice that the instrument contains an unauthorized signature or one which had been altered, without notice of any claim to the instrument, and without notice that any party had a defense or claim in recoupment

11.  Relying on same, the Plaintiff paid out good-value (in cash) to Payee, an amount totaling the face value of the check(s) less the nominal and customary service fee of approximately 1% of the check amount.

12.  Generally, a person who accepts a negotiable instrument takes the instrument subject to the property or possessory rights of another, unless the person is a holder in due course. ***Mich. Comp. Laws § 440.3306.*** Under Michigan law, someone is a "holder in due course" if:

HANNA, LLP  |  Hanna Law, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNALP.COM

(a) The instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity.

(b) The holder took the instrument (I) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an incurred default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 3306, and (vi) without notice that any party has a defense or claim in recoupment described in section 3305(1).

13.   Therefore, as a matter of law per *MCL § 440.3306*, Plaintiff is a **HOLDER IN THE DUE COURSE** and is entitled to enforce all remedies available thereto; accordingly, the Payee is an uninterested party to this instant matter.

14.   The check(s) was/were then negotiated by Plaintiff, via deposit into Plaintiff's business bank account and was/were subsequently returned for **DUPLICATE CHECK**, and as a result thereof, Plaintiff has been damaged in the amount of $1,746.00 USD. **(See Attached Exhibit "A")**

15.   A check returned for **DUPLICATE CHECK** is prima facie fraud and/or gives rise to this instant cause of action in the State of Michigan.

16.   Per *MCL § 600.2952(2)*, Plaintiff, and/or its undersigned Counsel, delivered to Defendant, via first-class mail, a demand for payment which included the exact language required by *MCL § 600.2952(2)*. **(See Attached Exhibit "B")**

17.   Additionally, and in effort to avoid the necessity and expense of litigation, Plaintiff has made numerous attempts to settle this matter with Defendant, but Defendant has refused to seriously consider a settlement of this Agreement; including offers from Plaintiff to settle for a lessor amount.

18.   Furthermore, and as another one of its many efforts to avoid the necessity and expense of litigation, Plaintiff has made numerous attempts to bind Defendant to a reasonable repayment plan, but Defendant has refused to seriously consider committing to a repayment plan.

**COUNT II**
**"CONVERSION CIVIL DAMAGES & COSTS PURSUANT TO MCL § 600.2952"**

HANNA, LLP | Hanna Law, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNALP.COM

19.    Plaintiff restates and incorporates the proceeding paragraphs of this complaint, by reference, as though fully stated herein.

20.    As discussed hereinprior, and per *MCL § 600.2952(2)*, Plaintiff delivered to Defendant, via first-class mail, a demand for payment which included the exact language required by *MCL § 600.2952(2)*. **(See Attached Exhibit "B")**

21.    More than thirty (30) days have passed since the delivery of the notice. Defendant has refused to remit payment in the amount of **$1,746.00** USD (plus statutory returned-check fees) in connection with the dishonored check(s), and as a result thereof has converted said **$1,746.00** USD.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enters judgment in favor of Plaintiff, against Defendant on **Count I** of this Complaint, for compensatory damages pursuant to *MCL § 600.2952(3)(a)* in the amount of **$1,746.00**; and for statutory punitive damages on **Count II** of this Complaint pursuant to *MCL § 600.2952(4)(b)* in the amount of **$3,492.00**, plus costs in the amount of **$250.00** pursuant to *MCL § 600.2952(3)(c)* for a **TOTAL SUM CERTAIN OF $5,488.00.**

Respectfully submitted,

HANNA, LLP | HANNA LAW, PLLC
Dalen P. Hanna (P81533)
33717 Woodward Avenue, Suite 560
Birmingham, Michigan 48009
dh@hannallp.com
(248) 209-6486 Office
(202) 478-5005 Fax

Dated: August 6, 2019

4

HANNA, LLP  |  Hanna Law, PLLC

33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNALLP.COM

# PLAINTIFF'S EXHIBIT

# "A"

# PHOTOCOPY OF RETURNED CHECK(S)

*072414310*
05/30/2019
866683168

& a LEGAL COPY of your
k  You can use it the
:-way you would use the
al check

RETURN REASON-Y
IPLICATE PRESENTMENT

**DUPLICATE**

JPMorgan Chase Bank, N.A.
Detroit, MI

**MICHIGAN LABORERS VACATION FUND**
6525 CENTURION DRIVE
LANSING, MI 48917-9275

0640145

640145

VOID AFTER
90 DAYS
DATE ▶ 05--21--19

**DO NOT REDEPOSIT**

PAY ▶ $*1746 00

TO THE ORDER OF

JEFFREY MCCARVER
445 FIELD
APT 401
DETROIT          MI 48214

BANK IDENTIFICATION #
001114190

PAY: ONE THOUSAND SEVEN HUNDRED FORTY-SIX AND 00/100149

James Schraber

⑈064O145⑈ ⑆072000326⑆          897=90=

⑈640145⑈ 4⑆072000326⑆          89990⑈ ⑈0000174600⑈

HANNA, LLP | Hanna Law, PLLC
33717 WOODWARD AVENUE, SUITE 560, BIRMINGHAM, MICHIGAN 48009 PHONE: (248) 209-6486 FAX: (202) 478-5005 WWW.HANNALLP.COM

# PLAINTIFF'S EXHIBIT

# "B"

# DEMAND FOR PAYMENT PER MCL § 600.2952(2)


LAW
ATTORNEYS & COUNSELORS

20193171

June 24, 2019

Emily Andrews
Michigan Laborers Vacation Fund
6525 Centurion Drive
Lansing, Michigan 48917

## NOTICE OF DISHONORED CHECK & DEMAND FOR IMMEDIATE PAYMENT

Dear Emily Andrews:

Pursuant to Michigan law, this letter is to inform you that a check, draft, or order for payment of money drawn by you for **$1,746.00** was returned to our client (AARA, Inc. D/B/A A & L Market) as dishonored for **DUPLICATE CHECK**. This notice is a formal demand for payment of the full amount of the dishonored check, draft, or order, plus a processing fee of $25.00 for a total amount of **$1,771.00**. If you pay this total amount within seven (7) days, excluding weekends and holidays, after the date this notice was mailed, no further civil action will be taken against you.

If you do not pay the **$1,746.00** as requested above, but within thirty (30) days after the date this notice was mailed, you pay the amount of the dishonored check, draft, or order plus a $35.00 processing fee, for a total amount of **$1,781.00**, no further civil action will be taken against you.

If you fail to pay either amount indicated above, we will be authorized by Michigan law to bring a civil action against you to determine your legal responsibility for payment of the check, draft, or order and civil damages and costs allowed by law. If we sue you in a civil action and prevail, you will be required to pay the full amount of the check, draft, or order, civil damages of two (2) times the amount of the check, draft, or order or $100.00, whichever is greater, and costs not to exceed $250.00.

If you are unable to make payment in full, or wish to apply for a payment plan, please call our office immediately at 248-209-6486 to request such an arrangement. We also accept online credit card payments. Thank you for your time and attention. We look forward to your anticipated cooperation in this matter.

| | |
|---|---|
| PAYEE/CREDITOR | AARA, Inc. D/B/A A & L Market |
| CHECK NUMBER(S) | 0640145 |
| CHECK DATE | 5/21/2019 |
| CHECK AMOUNT | $1,746.00 |
| CHECK DEFAULT | DUPLICATE CHECK |

Respectfully,

Dalen Hanna, Esq.
Attorney at Law

PLEASE MAKE PAYMENT WITHIN 10 DAYS TO AVOID A LAWSUIT. MAKE CHECKS PAYABLE TO HANNA LAW. PLEASE INCLUDE YOUR MATTER NUMBER WITH YOUR PAYMENT & ALL COMMUNICATIONS; YOUR MATTER NUMBER IS LOCATED ON THE TOP RIGHT CORNER OF THIS PAGE. YOU ARE HEREBY NOTIFIED THAT WE MAY REPORT INFORMATION ABOUT YOUR MATTER TO ANY OR ALL OF THE CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR MATTER MAY BE REFLECTED ON YOUR CREDIT REPORT. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. YOU ARE NOW COMMUNICATING WITH A DEBT COLLECTOR. UNLESS YOU NOTIFY OUR OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR SOME PORTION OF IT, OUR OFFICE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY OUR OFFICE IN WRITING WITHIN 30 DAYS OF RECEIVING THIS NOTICE, WE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL A COPY OF SAME TO YOU.

CONFIDENTIAL | HANNALLP.COM

HANNA, LLP I HANNA LAW, PLLC
DALEN PATRICK HANNA, ESQ.

33717 WOODWARD AVENUE, NO. 560 I BIRMINGHAM I MICHIGAN 48009
CONTACT@HANNALLP.COM I PHONE 248.209.6486 I FAX 202.478.5005